Would the clerk please call the first case? 3-25-0200 Daniel Morrison for deceased Katharina Morrison, appellant, versus Intown Lessee Services, LLC, Tappalee. Counsel Klein, you may proceed. Thank you. Good afternoon, Justices. My name is Mitchell Klein, and I represent the appellant, Daniel Morrison. Mr. Morrison, was the husband of the deceased Katharina Morrison. For eight years, Ms. Morrison worked as a property attendant for the appellate in town suites. Mr. Klein, what's a property attendant? I think basically they manage the property. And throughout these eight years, Ms. Morrison had a history of good performance. During her eighth year, Ms. Morrison was diagnosed with stage four cancer. For the next 11 months, she continued to work for appellate, then she was terminated. Ms. Morrison filed charges for disability discrimination and retaliation at the online Department of Human Rights. In an appellee's brief, the alleged appellant failed to cooperate with the online Department of Human Rights' investigation. However, this allegation ignores three critical facts. One, four months after Ms. Morrison had filed charges, Ms. Morrison had passed away, and Mr. Morrison can be available for a phone conference. A few months later, Mr. Morrison's affidavit was emailed to the IDHR investigator, and it stated that Ms. Morrison died in April 23, after she had filed charges, and Ms. Morrison and I were married and lived together for 46 years. Pursuant to her wishes, I have taken over this case. And third, the appellant sent an email to the IDHR investigator. It stated, we would like to make a technical amendment for Mr. Morrison to replace his deceased wife as a complainant. In April 2024... Now, that was how many months after the death of his wife? She died four months after she had filed the charges. Yeah, and when was there a substitution of parties, so to speak, the technical amendment? The technical amendment was not granted. We requested a technical amendment. It was not granted. Then, in April 2024, a letter from the IDHR was mailed to the appellant, and the letter stated, it was a notice to a complainant of the right to file a complaint in civil action, if the Illinois Department of Human Rights' investigation was not completed in 365 days. So, after 365 days had passed, Mr. Morrison filed a complaint in circuit court. Well, let's go back to this. I'm still bothered by the fact that the original complaint was filed by the deceased, correct? Right. Four months after that, after the complainant deceased, okay, then there was a request for substitution of parties or technical amendment? As far as the steps, first, after Ms. Morrison passed away, the Illinois Department of Human Rights was notified of that, and then... How long after she passed away, we have a complaint that's pending, how long after she passed away was the notice given to the department? I believe that was approximately about five months after she, so basically within a month of when she passed away. Oh, okay, a month. We have an approximate date. And so, what was the reason for the denial of the technical amendment? There was no reason given, it was just soon after that, we were notified that as far as it was... And basically, there was no correspondence until we got the notice from the Illinois Department of Human Rights that we had a right to file because the right to file in circuit court, because if an investigation is not completed, and the investigation had not been completed, it would not have been considered. So, was the deceased husband ever made a party to this complaint in lieu of the deceased? No, it was never... Okay, go on, it sounds confusing to me. So, as far as... We filed a complaint in circuit court within the 90 days, and the circuit court soon after appointed Mr. Morrison as the administrator of Ms. Morrison's estate. So, that's when it happened as far as when in circuit court, the circuit court judge appointed him as the administrator of her estate. So, that's when it was actually done with the basically to dismiss this complaint. And then, as far as... Basically, that's the beginning of this litigation when they filed a motion to dismiss the case in circuit court. So then, as far as the steps, there had been... So, as far as just to finish up, before... After we had filed a complaint in circuit court, after we had notice, then we had the 365 days. And if the investigation had not been completed, we can file in circuit court. So, after we had that notice, the Illinois Department of Human Rights dismissed the case in Illinois Department of Human Rights. But either the 90 days from the Department of Human Rights dismissing that case, we filed in circuit court within the 90 days of that, and within the 90 days of the department not finishing the investigation. So, either way, we had the basis for appeal that circuit court was timely. And that's... The appellant has not challenged that as far as... That the timeliness of the filing in circuit court has not been challenged by the appellant. So then, as far as the basis of this case is the decision of the circuit court judge that the court did not have jurisdiction, substance... And as far as... It was based on three cases, and we believe respectfully that the circuit court was incorrect as far as how those cases are binding. And we... I think we've stated in our briefs why these three cases are not... Should not be binding. The first case was Huff versus Will County Board. And we think the key distinction is in Mr. Morrison's case, it was based on... Now, under Human Rights Act, plaintiff can choose to file his case in circuit court. And in the Huff case, which was an election code case, not a Human Rights Act case, but under election code, the circuit court stated that... Or the appellate court stated that Illinois courts do not have... Do not have inherent authority to hear election cases. So that... I think that's a clear distinction where in Human Rights Act, plaintiff has a choice under the Huff case. The Illinois courts do not have an inherent authority to hear those cases. The second case that the circuit court relied on was People versus Industrial Savings. In that case, it involved the Municipal Court Act. And that act stated that all actions on contracts must exceed $1,000 before the court had jurisdiction on a subject matter. The key difference there is... In Mr. Morrison's case was that the Human Rights Act clearly can appeal a decision of the Department of Human Rights and the circuit court would have jurisdiction. In the Industrial Savings case, because the Municipal Court Act required plaintiffs to have a claim over $1,000, and the plaintiff did not... The court did not have jurisdiction. Third and last case that the circuit court filed was Armstrong versus Freeman. In that case, the court stated... And that was a 1983 case, which is significant because the Human Rights Act at that time stated that the courts of this state have no jurisdiction to grant relief for violations of the policies of the Human Rights Act. However, the plaintiff now has two options within 90 days to file a request for review before the commission or commence a civil action. And that request for review is significant because the appellant basically has said that... That appellant is required to go through that process to get the request for review with the commission. However, I think the statute is very clear that that's one option and that there's a second option where he doesn't have to file a request for review with the commission. His other option is to file his complaint in circuit court. At this time, we have nothing further to state regarding our argument at this time. We just believe that the... Respectfully request that the appellate court reverses the decision of the circuit court and find that the circuit court did have subject matter jurisdiction. Thank you. Any questions from the branch? No. No, thank you. Thank you, counsel. You'll have time to reply. Appellate counsel, you may respond. Yes, good afternoon. I will be as brief as possible. The Illinois Human Rights Act provides circuit court jurisdiction to adjudicate alleged violations of the act in very limited circumstances, none of which are present here. By way of background, Ms. Morrison filed her charge June 1st, 2023. As counsel has indicated, she died during the pendency of that investigation. While counsel requested a technical amendment, the regulation, the acts regulations provide that if a party dies during the pendency, the charge can be amended to substitute a legal representative or other person with a legally recognized interest in the deceased's estate. The IDHR following notification of her death tried for months to bring plaintiff into compliance with that regulation. The IDHR... If I can ask counsel... I've read the regulation. Does the regulation require a small estate affidavit in lieu of a... Specifically do so in lieu of a probate proceeding? The regulation is silent. The IDHR's procedures provide for a small estate affidavit. So, the initial letter sent to Mr. Morrison in March of 2024 laid out the three possible avenues for establishing Mr. Morrison as having that legal representative or that legally recognized interest, one of which was to file a small estate affidavit. Plaintiff Mr. Morrison submitted an affidavit confirming their marriage and confirming her death. The IDHR again sent additional communications saying that's not sufficient. Here is how you do what needs to be done. Actually, they said look back at the letter, didn't they? Exactly. The second letter referred them back to the directions in the first letter. Okay, what are the three methodologies? A small estate affidavit, opening an estate. Supervised estate. Yes. Let me find the March 19th letter. Sorry, I'm pulling it up in the record. It indicated you must establish yourself as a person with a legally recognized interest under the Illinois Probate Act. Legal representative is an estate is opened in probate court. An estate is open where the deceased died without a will or intestate. An administrator has been appointed by the court or a small estate affidavit. Those were the directions provided. Plaintiff did not do any of those things. On March 24th, 2024, the IDHR issued a notice of dismissal for failure to proceed. The notice indicated that Mr. Morrison failed to comply with the rules and regulations of the department under the regulation 2520.560. That section states that the department can serve the dismissal. It will state the grounds of the dismissal and that complainant can request review with the commission by filing a request for review. One of the bases within that regulation for dismissal is a complainant's failure to proceed. I have to ask, didn't your notice give a second option? Remind me the notice of the department, excuse me. Sure, the notice indicated very clearly that the next of kin is notified that the charge will be dismissed with prejudice with no right to proceed further if a timely request for review is not filed. Yeah, isn't that language right after it says you can file a review dismissal with the commission then it says or? Yes. Commence a civil action? Yes, I don't dispute that the letter itself is confusing, but the letter isn't what dictates jurisdictions and next step. The statute does and the corresponding regulations do. The statute itself provides for a limited number of scenarios that gives the circuit court jurisdiction and the regulations at issue all are very clear that the only way to move past a notice of dismissal for failure to proceed is to request review with the commission. So again, I don't dispute that the letter itself is a little confusing. A little? I mean, it's the letter says you can do either or and then it has the language that you quoted and then it says keep in mind that the commission usually rubber stamps what we do in essence is what it says. I don't dispute that, but I don't think correspondence that is confusing trumps the statute and regulations that are not. I understand your position, thank you. Sure, so under the act. The new act, the revised act does not give every complainant a choice on where their claims are adjudicated. The act is very clear that courts do not have jurisdiction set forth in this act except under these situations. There are three scenarios where the circuit court gets jurisdiction only one is at issue here. All of those are all of the scenarios that could be potentially at issue here are contained within 7A102 of the act. Of the half dozen scenarios under 7102A, only three are arguably at issue here. The first after receiving a dismissal for failing to attend a fact finding that's in C4. If the second if the 365 limit time limit expires that subsection G or after the IDHR determines whether substantial evidence exists that's subsection D. Council has not raised today or in his reply the section C4 the fact finding. I will say only that that section is applicable only to failing to attend a fact finding and I would note that appellate courts consistently uphold dismissals under that section but not relevant here. The time limit the underlying charge was filed on June 1st of 23. The dismissal was issued May 24th of 24. So eight days before the 365 day limit expired. Well that takes you out of the 365 is what you're saying. That's right. We never got to 365 because the dismissal acted as as the finding. Thank you. The only possible 702 avenue available still for jurisdiction with the circuit court is subsection D report. That section requires that the jurisdiction can be provided when the department issues a no substantial evidence report or a substantial evidence report. Here the department didn't issue either of those because it dismissed the case for failure to proceed. This to me is an equivalent of a dismissal for want of prosecution. If a court DWPs the plaintiff doesn't go on to get a finding on the merits unless that that dismissal is vacated which brings us to the request for review. As I said earlier and I can certainly go through the regulations in the sections of the act that talk through why the request for review is required. But every regulation that talks about dismissals indicates very clearly that the only avenue for redress is a request for review with the commission. The limited appellate decisions on this have also all indicated that when you fail to cooperate with the IDHR's process that's the end of the road. While this while the appellate court has not addressed this particular set of circumstances with the death of a complaint or death of a complainant of the IDHR or for that matter dismissals for not cooperating in the same respect. Two federal courts have addressed these very similar circumstances both of whom had said no jurisdiction exists. Isn't this standard administrative law most whether it's human rights or other governmental? I mean you have to exhaust your remedies of review within that assumed expert agency before you can move further to general jurisdiction courts. Exactly and that's the argument that we made at the circuit court is that complainant simply failed to exhaust his administrative remedies. And don't the two federal cases you're talking about which I think are Morris versus Albertson and Jones versus ILA don't they predate the amendment that allowed access to the circuit court? The Jones yes. I don't I believe the Morris was was one no no I don't think they do. The IDHR was amended well it's been amended several times but the access to state court I believe came in 99 or 2000. Morris is a 99 or is actually I can't what it is. Okay and then the other one is a 04. Okay so are you telling telling the court that the access to general jurisdiction courts out of the act has been in existence since 99? I will I can't full disclosure judge I do not remember the date that it was changed. I do know that the act as it existed when when Miss Morrison filed her charge and when Mr. Morrison tried to to take over still it includes the language that the courts don't get jurisdiction unless and until it's provided for in the act and the act only provides for that under a limited number of circumstances. Go ahead. I'll have to look at it but my notes indicate 2007 amendment that gave us a C4 for example. That very well could be I again I can't I don't know the exact dates of the amendment but the act again as it existed post post amendment still limited the jurisdiction based on a number of factors. Some of them are not at issue here the ones that could potentially be in play would be the expiration of the time limit which as we've established it had not expired the dismissal was entered. The failing to attend a fact-finding conference which again not at issue here and subsection d which talks about the report which requires either a notice of substantial evidence or a notice of no substantial evidence which was never issued here. Because this isn't fact-finding you never got to that process did you? Right. So this is basic procedural requirements. That's right. Okay under the Survivors Act you don't just get to step in you have to establish yourself which is what the IDHR was asking. And there is a reason for that. What is that reason? You can't just take over anyone's case right you have to have a legally recognized interest and the probate act establishes how you can go about making that getting over that hurdle. Okay thank you. I don't have anything further unless there are any additional questions. Any questions? I have one. I mean assuming that there was an avenue for relief in the circuit court and I recognize that the complaint didn't seek review it sought a decision on the merits but assuming there was a 90-day requirement is that is the failure to file within the 90 days jurisdictional or is it a limitation like a statute of limitations? I think it operates as both. I have seen cases where it looks at it from a jurisdictional standpoint once the 90 days are passed. I have also seen it looked at the other way but that that's not an issue here. We're not making the argument that the complaint wasn't filed within 90 days of the dismissal. I'm sorry within 90 days of the expiration of that 365. But I mean are you saying that but you're saying that the 365 doesn't apply? It doesn't but even if it had the underlying complaint was filed within that time frame. Within the 365 but was within the 90 after the 365 but if it wasn't filed within 90 after the receipt of the notice of dismissal is that jurisdictional or is that a limitation? It's a limitation. Thank you. So what this does is it gives a relief valve so to speak for the complainant if the commission or whatever there's the two of them whatever those acronyms are doesn't do their job and give an answer in a ruling. Is that correct? That's right. If within the IDHR provides for extensions so the parties can agree to extend the 365 they didn't here but yes if the department does not complete its investigation within the 365 they send a letter that basically says we have not completed you go ahead and file if you want to at either the commission or in the circuit court. So you do get a fork in the road you can stay within the commission or you can go outside to a court of general jurisdiction and the facts here never got the complainant to the fork in the road. That's right. Okay so that's your position that's why it was dismissed at the circuit level. Yes. Okay and that conclusion would require us to essentially have the let's call it the defective notice from the department of dismiss erroneous notice having no import whatsoever. I think it does have import I think it remains confusing again I concede that but it does very clearly state several times that it's dismissed and the only the only way to move forward is to request review and again all of the commission or all of the acts implementing regulations say the same thing. Thank you. Okay any other questions from the bench? No questions. Okay uh council Mitchell you may reply. Yes Justin I think the language that appellant is focusing on I think it's worth looking at carefully when it says a party may request review by the commission of a decision by the department to dismiss or default by filing a request for review. The complainant Mr. Morrison did not take that route instead of filing a request for review he filed a complaint in circuit court so to me it's not like he's required to file the request for you that's one option and the second option is to file in circuit court which he did so I think that yeah but if I can ask are you statute or regulation sir? I think it's from the statute that uh appellant uh which which statute then it's a 56 Illinois administrative code section 5300 5300 period 410 that's 56 only administrative code section 5300 excuse me I guess it's 5300 says 5500 period 410. Thank you sir. So basically uh we believe that that was a choice he chose not to file the request for review with the commission he took his other option and filed in circuit court so to me that's very clear uh it's not required uh the administrative process does not require uh filing with the commission after the case has started with the department of human rights I think uh what also is significant is that uh regarding the 365 days uh the the department of human rights uh never completed its investigation so in fact uh that's why a complainant decided he needs to file uh in circuit court within 90 days which he did and then uh at that point the circuit court uh did uh uh appoint him as administrator so that happened uh the second point as far as he did uh produce an affidavit uh and basically that uh what the department of human rights stated that uh he needs uh instead of that he has to get uh be appointed administrator uh so he never ruled uh specifically on the affidavit they just said he needs to uh be appointed administrator that was accomplished and uh by the circuit court so I think uh everything that needed to be done uh to have this case pending in a circuit court and for the circuit court to have a substantive uh proceed procedurally to have a jurisdiction over this case uh Mr. Morrison uh did uh follow the steps that are needed to be done to have this case pending in circuit court you just want to to clarify uh there's uh when the um my department of human rights uh dismissed this case um that would be considered a final order uh and after that was dismissed he still filed in circuit court within 90 days so either way um whatever action uh is considered about uh what the department of human rights did he's still filing in circuit court within 90 days so as far as uh based on the cases that the circuit court filed uh we think uh doesn't uh they didn't uh the cases that the circuit court filed uh did not indicate uh that the circuit court did not have jurisdiction what would you be asking the circuit court to actually do correct and determine the merits of your complaint no just to take uh just to take jurisdiction well but what are they going to do if they rightly or wrongly what did you expect them to do if they had jurisdiction well then they uh as far as go through the process in circuit court you know discovery so so basically just taking jurisdiction is accepting the complaint and that was done so you're going to you're going to have the complaint reviewed analyzed and decided by the circuit court is that correct yes then why do we have a human rights commission why do we have the i mean what's isn't that really bypassing the intent of that structure the intent of the human rights act is to give uh any complainant a choice it's not like it's the choices uh you can go through the commission or you can go into circuit court it's not it's not the man uh not requiring you to go through the commission process it's an and you chose that option yeah he chose the option he chose once you choose the option you're within the the uh jurisdiction of the commission am i correct and their rules and procedures and findings the procedures of the human rights act provide uh provide uh that um a complainant uh does not have to go through the commission that's part of the human rights this is a case that we're talking about you chose to go to the commission am i correct no we did not you did not correct okay the case started at the department of human rights uh and at that point uh once uh 355 days had passed uh for them to complete their investigation at that point uh the complainant had a choice choice was either commission or circuit court i think that the act i believe makes that uh quite clear thank you thank you justice uh i see time is up but are there further questions from the bench not for my no okay well thank you counsel both for your argument this afternoon uh this matter will be taken under advisement and a written disposition shall issue